UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN MORGAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5672** |
| **MARLIN GUSMAN, ET AL** | **SECTION "N"(3)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2) and § 1915A, and as applicable, Title 42 U.S.C. § 1997e(c)(1) and (2). Upon review of the record, the Court determined that this matter can be disposed of without an Evidentiary Hearing.

### I.  Factual and Procedural Background

The plaintiff, Kevin Morgan, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendants, Orleans Parish Criminal Sheriff Marlin Gusman, Mayor Ray Nagin, former Governor Kathleen Blanco, New Orleans Police Superintendent Warren Riley, the Louisiana State Police, the Louisiana National Guard, the U.S. Army Corps of Engineers, the New Orleans Police Department, the Department of Homeland Security, the Federal Emergency Management Agency ("FEMA"), the Louisiana Department of Corrections through Secretary Richard Stalder, Warden Cornell Hubert of the Elayn Hunt Correctional Center, the New Orleans

Fire Department, and the New Orleans City Council, for alleged violations of his constitutional rights arising out of the evacuation process and conditions of his confinement in the Orleans Parish Prison system and Elayn Hunt Correctional Center, in preparation for, during and after Hurricane Katrina.

In the early stages of this litigation, the previously assigned Magistrate Judge appointed Ashton R. O'Dwyer, Jr., as counsel to represent Morgan.[1] In late 2008, unrelated to this case, Mr. O'Dwyer was suspended from the practice of law before this Court, and the Court was compelled to vacate his appointment.[2] On December 9, 2008, the Court notified Morgan that appointed counsel had been removed from the case and that the appointment of new counsel was not warranted.[3] The Court also notified Morgan of two dispositive motions filed by the defendants thereby affording him an opportunity to file an opposition to one not yet opposed. The Court also ordered Morgan to advise the Court in writing no later than December 30, 2008, if he retained other counsel or if he intended to proceed on his own behalf.

The order was served upon Morgan by the clerk of court by regular U.S. Postal Service mail and by certified mail, with return receipt requested, at his last known address, 2534 Phillip Street, New Orleans, Louisiana, 70113. The envelope sent by regular mail has not been returned as undelivered. On February 5, 2009, the certified mail receipt was returned marked "unclaimed."[4]

Morgan did not respond to the Court's order. Consequently, on January 12, 2009, the Court issued a Rule to Show Cause ordering Morgan to show cause in writing by February 2, 2009, why

---

[1] Rec. Doc. No. 8.

[2] Rec. Doc. No. 40.

[3] Rec. Doc. No. 39.

[4] Rec. Doc. No. 42.

the case should not be dismissed for failure to prosecute.[5] The order was mailed to Morgan by the clerk of court at his Phillip Street address. The envelope has not been returned as undelivered. As of this date, Morgan has not responded to the Court's show cause order.

## II. **Analysis**

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A dismissal under Rule 41(b) is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). The court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. See e.g., Silas v. Sears, Roebuck & Co., 586 F.2d 382 (5th Cir. 1978); Ramsay, 531 F.2d at 706. In this case, the plaintiff is now proceeding without counsel and is responsible for the prosecution of his case.

The record shows that the Court's orders requiring written replies from Morgan which were sent by regular mail have not been returned as undeliverable. Morgan has failed to respond to or comply with the Court's prior orders, which were issued in an effort to continue the orderly

---

[5]Rec. Doc. No. 41.

3

disposition of the case. Morgan has been provided with two opportunities to state his intent to proceed with this case. He has failed to do so. Accordingly, dismissal of Morgan's claims against the defendants is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute this case.

### III. Defendants' Motion to Dismiss

On October 1, 2008, Mayor Nagin and Superintendent Riley filed a Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) (Rec. Doc. No. 17) alleging that Morgan failed to state a claim for which relief can be granted because neither defendant was responsible for Morgan's care and custody while he was housed in the Orleans Parish Prison or the Elayn Hunt Correctional Center. Thereafter, on November 4, 2008, the Department of Homeland Security, FEMA, and the U.S. Army Corps of Engineers, filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. No. 34) alleging that these defendants were not properly served and that plaintiff failed to exhaust administrative remedies under the Federal Tort Claims Act. In light of the Court's decision to recommend dismissal of this matter for failure to prosecute, the defendants' motions should be dismissed as moot without prejudice to the right to re-urge should the case not be dismissed.

### IV. Recommendation

It is therefore **RECOMMENDED** that the **Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) (Rec. Doc. No. 17)** filed by Mayor Nagin and Superintendent Riley and the **Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. No. 34)** filed by the Department of Homeland Security, FEMA, and the U.S. Army Corps of Engineers be **DISMISSED as moot**.

It is further **RECOMMENDED** that Morgan's claims against the defendants, Sheriff Gusman, Mayor Nagin, Governor Blanco, Superintendent Riley, the Louisiana State Police, the Louisiana National Guard, the U.S. Army Corps of Engineers, the New Orleans Police Department,

the Department of Homeland Security, FEMA, the Louisiana Department of Corrections through Secretary Stalder, Warden Hubert, the New Orleans Fire Department, and the New Orleans City Council, be **DISMISSED WITH PREJUDICE** for failure to prosecute under Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___17th___ day of February, 2009.

                                              **DANIEL E. KNOWLES, III**
                                        **UNITED STATES MAGISTRATE JUDGE**